UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. AGUNDEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00640-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION WITHOUT PREJUDICE**<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

On May 6, 2020, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2.) According to his prison trust account statement, Plaintiff received a settlement check in the amount of $3,500 on January 27, 2020. (Doc. 5.) As of April 17, 2020, Plaintiff had $1,194.68 in his trust account. This is more than enough to pay the $400 filing fee in full in this action.

Accordingly, on May 8, 2020, the Court ordered Plaintiff to show cause why his motion to proceed *in forma pauperis* should not be denied. (Doc. 6.) Plaintiff filed a response on May 18, 2020. (Doc. 9.) In his response, Plaintiff admits that he has adequate funds to pay the filing fee in full. (*Id.* at 1-2.) Plaintiff argues that his settlement award is not "income," and he states that he should be entitled to proceed *in forma pauperis* because of the constitutional violations he alleges in his complaint. (*See id.* at 2.)

///

As the Court explained in its order to show cause, proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)). Hence, "the court shall dismiss the case at any time if the court determines that the [plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Whether Plaintiff's settlement is "income" is irrelevant; and, as stated above, litigants do not have a right to proceed *in forma pauperis*. Because Plaintiff has adequate funds to "pull his own oar" and pay the filing fee in full, the Court RECOMMENDS that his application to proceed *in forma pauperis* (Doc. 2) be DENIED and this action DISMISSED without prejudice to refiling upon prepayment of the filing fee. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 20, 2020**              /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE