UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. AGUNDEZ, et al.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00640-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 2, 11) |

　　　　Plaintiff Cornell Davis is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 20, 2020, the assigned magistrate judge issued the pending findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* be denied because plaintiff has sufficient funds in his inmate trust account to pay the filing fee in full.  (Doc. No. 11.)  On June 8, 2020, plaintiff filed a response to the findings and recommendations, informing the court that "you have my permission to deduct the amount need[ed] for the court fee's [sic]."  (Doc. No. 12.)  Plaintiff also states that, if the case does not proceed to trial, he "will be expecting [his] money [to be] placed back into [his] trust account ASAP."  (*Id.*)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

response, the court finds the findings and recommendations to be supported by the record and proper analysis.  According to his inmate trust account statement (Doc. No. 5), at the time he filed his application to proceed *in forma pauperis* (Doc. No. 2), plaintiff had more than enough funds to pay the filing fee in full.  Thus, *in forma pauperis* status is not warranted.  *See* 28 U.S.C. § 1915(a)(1).  Moreover, the court will not deduct the filing fee from plaintiff's trust account, as plaintiff suggests; he must, instead, pay the filing fee himself.  Additionally, if plaintiff elects to proceed with this case and pay the filing fee in fill, the court will not refund the filing fee if the case does not proceed to trial.  The fee is mandatory, regardless of whether this case proceeds to trial.  *See Green v. Bank of Am.*, No. 2:12-cv-02093-GEB, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) ("Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914 and are part of the costs of litigation.  Nothing in this statute, or any other, provides for the refund of such fees for any reason.  Nor does plaintiff direct us to any precedent allowing such a course of action.") (citation omitted).

Accordingly,

1. The findings and recommendations issued on May 20, 2020 (Doc. No. 11) are adopted;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Within thirty days (30) of the date of service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action; and,
4. Failure to pay the filing fee within the time provided will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: **July 7, 2020**

UNITED STATES DISTRICT JUDGE