UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CORNELL DAVIS, | Case No. 1:20-cv-00640-DAD-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANT** |
| v. | (Doc. 1) |
| A. AGUNDEZ, et al., | 21-DAY DEADLINE |
| Defendants. | |

Cornell Davis alleges the defendants subjected him to excessive force and retaliation. (Doc. 1.) On February 26, 2021, the Court issued a screening order, finding that Plaintiff's complaint states cognizable claims against Defendants Agundez, Dominguez, and Urrutia, but not against Defendant Chavez. (Doc. 16.) Therefore, the Court directed Plaintiff to file a first amended complaint curing the deficiencies in his pleading or a notice that he wishes to proceed only on the claims found cognizable. (*Id.* at 8.)

On March 26, 2021, Plaintiff filed a notice indicating that he does not intend to file an amended complaint, stating, "all my allegations are true so this whole file another is irrelevant." (Doc. 17.) Thus, it appears that Plaintiff wishes to "stand on" his complaint. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Accordingly, the undersigned recommends that Defendant Chavez and Plaintiff's non-cognizable claims be dismissed from this action.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.    PLEADING REQUIREMENTS**

**A. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims stem from incidents at Kern Valley State Prison. (Doc. 1 at 1.) Plaintiff alleges that on June 19, 2019, Correctional Officer Agundez "attacked [him] while [he] was having a seizure and slammed" his face, "injuring [his] right jaw." (*Id.* at 3.) He alleges that Correctional Officer Urrutia "assisted . . . by jumping full weight on [his] head and neck area" while he was still suffering from the seizure. (*Id.*) In addition to the injury to his jaw, Plaintiff suffered abrasions to his face. (*Id.*)

The officers placed Plaintiff in a holding cell instead of taking him to see medical personnel. (*Id.*). Correctional Officers Stewart and Parker then searched him "unclothed . . . and . . . nothing was found." (*Id.*) Plaintiff alleges that Correctional Sergeant Dominguez then approached him "trying to bribe" him. (*Id.*) According to Plaintiff, Dominguez stated that if he chose not to file an administrative grievance, "this matter . . . will be a simple 115," but that if he were to file a grievance, Dominguez would "have the C/Os plant something on" him. (*Id.*)

Plaintiff refused to comply, stating that he was "going to the courts." (*Id.*) Plaintiff alleges that officers then planted "some unknown substance" on him and issued a related, false rules violation report. (*See id.* at 3, 4.) As a result of the rules violation, Plaintiff lost visitation privileges. (*Id.*)

Plaintiff also states that Officer Urrutia failed to provide him a package because of the grievance he filed, and that Sergeant Dominguez retaliated against him "for [his] last settlement." (*Id.* at 4, 5.) He also alleges that Correctional Officer Chavez "stated what he saw was the truth and clearly he lied." (*Id.* at 4.)

## IV. DISCUSSION

### A. Excessive Force

The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). Thus, "whenever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7.

Plaintiff states cognizable excessive force claims against Defendants Agundez and Urrutia. He alleges these officers slammed his face into the ground and jumped on his head while

he was having a seizure. (Doc. 1 at 3.) Liberally construing his allegations, Plaintiff shows that there was no need for the use of force because he was having a seizure, and thus the officers did not use force to maintain security. Plaintiff therefore states excessive force claims that are plausible on their face.[1]

**B. Retaliation**

A claim of First Amendment retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution.'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable claim of retaliation against Defendant Dominguez. He alleges he told Dominguez that he planned to "go[ ] to the courts" after the June 19, 2019 incident of alleged excessive force. (Doc. 1 at 3.) He further alleges that, in response, Dominguez planted an "unknown substance" on him and issued a false rules violation report. (*See id.* at 3, 4.) Plaintiff thus adequately alleges that Dominguez took adverse action against him in response to his engagement in protected conduct.

Plaintiff does not state a cognizable retaliation claim against Defendant Chavez. His only allegation with respect to Chavez is that the officer "stated what he saw was the truth and clearly he lied." (*Id.* at 4.) As an initial matter, it is unclear what Plaintiff means by "stated what he saw

---

[1] The Court acknowledges that it is unable to fully consider the *Hudson* factors at the screening stage.

was the truth" or in what context Chavez made this statement. More to the point, this threadbare allegation is insufficient to show that Chavez took adverse action against him due to his engagement in protected activity.

Plaintiff also fails to state a cognizable retaliation against Defendant Urrutia. His single-sentence allegation that Urrutia failed to provide him a package in April 2020, (*id.*), is insufficient to show that the officer took such action because of the grievance Plaintiff filed for the June 19, 2019 incident of alleged excessive force.

**C. Due Process**

1. Liberty

The Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both from the Constitution or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

When a protected interest is at stake, a prisoner charged with a disciplinary violation is entitled to (1) advance written notice of the charge, (2) an opportunity to present evidence and call witnesses, unless calling witnesses would interfere with institutional security, and (3) a written statement by the factfinder of the evidence relied upon and the reason(s) for the discipline. *Wolff v. McDonnell*, 418 U.S. 539, 564-570 (1974); *see also Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003). In addition, a disciplinary decision must be supported by "some evidence." *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Plaintiff does not state a cognizable due process claim regarding the rules violation report (RVR) issued against him. He does not allege that Defendants denied him adequate procedures during the disciplinary hearing(s) for the RVR, or that his resulting conviction was unsupported

6

by "some evidence." However, as explained in the previous subsection, Plaintiff's allegations are sufficient to state a cognizable retaliation claim based on the RVR.

### 2. Property

The Due Process Clause also protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, "[a]n authorized, intentional deprivation of property is actionable under the Due Process Clause." *Christ v. Hartley*, No. 1:11-cv-00705-AWI-DLB, 2013 WL 127737, at *3 (E.D. Cal. 2013) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)) (citations omitted). "An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes." *Christ*, 2013 WL 127737, at *3 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)) (citation omitted).

However, "an *unauthorized* intentional deprivation of property by a state employee does not constitute a violation of . . . Due Process . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533 (emphasis added). "California [l]aw provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). That is, state prisoners "may file suit in state court pursuant to California Government Code §§ 900, *et seq.*, to seek recovery for a tort" committed by a state employee. *Boswell v. Perez*, No. 1:09-cv-00822-MJS, 2011 WL 4500010, at *2 (E.D. Cal. 2011) (citations omitted).

To the extent Plaintiff raises a due process claim regarding Officer Urrutia's refusal to provide him a package in April 2020, Plaintiff provides insufficient facts to state a cognizable claim. Plaintiff provides no details regarding the circumstances of the incident. (*See* Doc. 1 at 4.) In other words, Plaintiff does not provide "sufficient factual matter . . . to state a claim that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, Plaintiff's complaint states cognizable claims of excessive force against Defendants Agundez and Urrutia, and a cognizable claim of retaliation against Defendant Dominguez, but its remaining claims are not cognizable. Although the Court previously granted Plaintiff an opportunity to amend his pleading, (Doc. 16), Plaintiff has

indicated that he does not intend to file an amended complaint. (Doc. 17.) Plaintiff therefore stands on his pleading. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Accordingly, the Court **RECOMMENDS** that:

1. Defendant Chavez be **DISMISSED**; and,
2. The claims in Plaintiff's complaint be **DISMISSED**, <u>except</u> for the claims of excessive force against Defendants Agundez and Urrutia and the claim of retaliation against Defendant Dominguez, pursuant to 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 20, 2021**__ _____ /s/ Jennifer L. Thurston
                                                CHIEF UNITED STATES MAGISTRATE JUDGE