1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CORNELL DAVIS,                        Case No. 1:20-cv-00640-DAD-BAK (EPG) (PC)

12              Plaintiff,                 **FINDINGS AND RECOMMENDATIONS
                                           TO DENY PLAINTIFF'S MOTION FOR
13        v.                               TEMPORARY RESTRAINING ORDER**

14   A. AGUNDEZ, et al.,                   **ORDER DENYING REQUEST FOR A
                                           "SPEEDY JURY TRIAL"**
15              Defendants.
                                           **ORDER GRANTING IN PART AND
16                                         DENYING IN PART REQUEST FOR
                                           COPIES**
17
                                           (Doc. 26)
18

19        Plaintiff has filed an untitled document on August 30, 2021 (Doc. 26), which the Court

20   construes to be a motion for temporary restraining order, a request for speedy trial, and a request

21   for copies. The Court will recommend Plaintiff's motion for temporary restraining order be

22   denied. Further, the Court will order Plaintiff's request for a speedy trial be denied. Finally,

23   Plaintiff's request for copies will be granted in part and denied in part.

24   **I.      INTRODUCTION**

25        Plaintiff, proceeding *pro se*, initiated this action on May 6, 2020.[1] (Doc. 1.)

26        In his August 30, 2021, filing, Plaintiff contends Kern Valley State Prison authorities have

27   "taken" his "visits" in retaliation a "second time for the same incident denying me the right to

28   _____

[1] Defendants Dominguez, Urrutia and Agundez answered the complaint on September 20, 2021. (Doc. 27.)

keep a healthy relationship and connection to my family." (Doc. 26 at 1.) Plaintiff contends he is

"constantly being targeted, harassed and singled out and deprived of [his] amendments and

rights." (*Id*.) Plaintiff also requests a "speedy jury trial" and copies of documents he has

submitted to this Court and an "immediate response within 14 calendar days." (*Id*.) Plaintiff

contends he continues to write to the Court "to tell them [to] stop," and that he needs "a response

and a[n] update." (*Id*. at 3.)

## II.      MOTION FOR TEMPORARY RESTRAINING ORDER

### A.  Applicable Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2]  *Winter*

*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal

jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party

officially, and is required to take action in that capacity, only upon service of summons or other

authority-asserting measure stating the time within which the party must appear to defend"). The

court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal &*

*Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir.

1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be

"narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of

Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers,

agents, servants, employees, and attorneys," and "other persons who are in active concert or

participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on

claims not pled in the complaint, the court does not have the authority to issue an injunction."

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

1   drawn, extends no further than necessary to correct the violation of the Federal Right, and is the

2   least intrusive means necessary to correct the violation of the Federal Right."

3        On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

4   likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

5   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

6   public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015 (quoting *Winter v. Natural*

7   *Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that

8   irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance*

9   *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

10                    B.  Relevant Background

11       In the Court's May 2021 Findings and Recommendations to Dismiss Claims and

12   Defendant, the then-assigned magistrate judge found Plaintiff had stated cognizable claims of

13   excessive force against Defendants Agundez and Urrutia, and a cognizable claim of retaliation

14   against Defendant Dominguez. (Doc. 18 at 7.) The remaining claims were not cognizable, and

15   Plaintiff elected not to amend his pleading. (*Id.* at 7-8.) Thus, it was recommended Defendant

16   Chavez be dismissed, and that Plaintiff's complaint be dismissed, "except for the claims of

17   excessive force against Defendants Agundez and Urrutia and the claim of retaliation against

18   Defendant Dominguez, pursuant to 42 U.S.C. § 1983." (*Id.* at 8.) On July 11, 2021, District Judge

19   Dale A. Drozd adopted the May 20, 2021, findings and recommendations in full. (Doc. 20.)

20                    C.  Analysis

21                         *1.  Jurisdictional Issues*

22       Plaintiff seeks an order of this Court directing the Kern Valley State Prison not to retaliate

23   against him. (Doc. 26 at 1.) However, Plaintiff does not identify or describe who is retaliating

24   against him. It is unclear whether Plaintiff means the named Defendants in the action (Agundez,

25   Urrutia, or Dominguez) or other unidentified persons at Kern Valley State Prison.

26       In his operative complaint, Plaintiff successfully alleged claims of excessive force against

27   Defendants Agundez and Urrutia, and a claim of retaliation against Defendant Dominguez.

28   However, it is unclear whether the retaliation alleged in his motion has any relationship to the

1    claims Plaintiff asserts in the complaint.

2        Additionally, Plaintiff does not describe what any person is doing, why Plaintiff thinks the

3    behavior is retaliation, or what Plaintiff believes any person is retaliating against. Plaintiff's

4    vague references to "being targeted, harassed and singled out" (Doc. 26 at 1) are insufficient.

5    Plaintiff has not provided any evidence in support of his motion, beyond a letter Plaintiff

6    addressed to the Court. (Doc. 26 at 3.)

7        In the absence of information establishing the Court has both personal jurisdiction and

8    subject matter jurisdiction, emergency injunctive relief is unavailable. *See Murphy Bros., Inc*.,

9    526 U.S. at 350 (noting that one "becomes a party officially, and is required to take action in that

10   capacity, only upon service of summons or other authority-asserting measure stating the time

11   within which the party must appear to defend"); *Hitchman Coal & Coke Co*., 245 U.S. at 234-35 ;

12   *Pac. Radiation Oncology, LLC*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based

13   on claims not pled in the complaint, the court does not have the authority to issue an injunction").

14           *2.  The Merits*

15       Plaintiff has not shown that he is likely to succeed on the merits, or that the balance of

16   equities tips in his favor, and that an injunction is in the public interest. *Winter,* 555 U.S. at 20.

17       Plaintiff has not shown he is likely to succeed on the merits of his claims. Plaintiff offers

18   nothing to show he is likely to succeed on the merits of his claims; he makes no argument, nor

19   does he offer any exhibit or affidavit in this regard. While the Court has previously found Plaintiff

20   stated cognizable excessive force and retaliation claims against certain Defendants, it did not find

21   a likelihood of success on the merits based on evidence. Moreover, it is not clear if the conduct

22   alleged in Plaintiff's motion is the same as the claims in the case.

23       Additionally, Plaintiff has made no showing that the balance of equities tips in his favor,

24   nor that the injunction he seeks – "to tell them to stop" – is in the public interest.

25       In sum, Plaintiff fails to meet the criteria required for issuance of a temporary restraining

26   order and the undersigned will recommend the request be denied.

27   **III.     REQUEST FOR SPEEDY JURY TRIAL & COPIES**

28       Plaintiff "requests [a] speedy jury trial." (Doc. 26 at 1.) The Court construes Plaintiff's

4

request to be a request for a speedy trial in this action, versus an underlying criminal action.[3] Plaintiff is advised the Sixth Amendment to the United States Constitution affords that *criminal* defendants have the right to a speedy and public trial. *Will v. United States*, 389 U.S. 90, 96-98 (1967) (defendant in a criminal case is entitled to speedy resolution of charges against him); *see e.g.*, *United States v. Griffin*, 464 F.2d 1352, 1354 (9th Cir. 1972) ("the Sixth Amendment guarantees do not extend to persons who do not stand 'accused' of any crime'). Therefore, the Sixth Amendment provides no basis for Plaintiff's request in this *civil* case filed pursuant to 42 U.S.C. § 1983. Nor would the Federal Speedy Trial Act, 18 U.S.C. § 3161 et seq., as that statute also applies to *criminal* prosecutions rather than a civil case filed pursuant to 42 U.S.C. § 1983. *See United States v. Forty Thousand Dollars ($40,000.00) in U.S. Currency*, 763 F. Supp. 1423, 1429 (S.D. Ohio 1991) ("[t]he Sixth Amendment right to a speedy trial" and "the Speedy Trial Act, 18 U.S.C. § 3161 et seq. appl[y] only to criminal prosecutions"). Therefore, Plaintiff's request for a "speedy jury trial" will be denied.

Plaintiff also seeks "a copy of all [his] letters [he] has sent for legal purposes" because "the police threw 'em away or something when [he] went in the hole May 6, 2021." (Doc. 26 at 3.)

The Clerk of the Court does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. *See* 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. Nevertheless, in this instance, the Court will direct the Clerk of the Court to send Plaintiff a copy of his complaint (Doc. 1), the Findings and Recommendations to Dismiss Claims and Defendant (Doc. 18), Order Adopting Findings and Recommendations (Doc. 20), and the Discovery and Scheduling Order (Doc. 35).

### IV.   RECOMMENDATION AND ORDER

For the reasons set forth above, the Court **RECOMMENDS** Plaintiff's motion for temporary restraining order (Doc. 26) be denied.

---

[3] The "only possible remedy" for a speedy trial violation is the dismissal of the indictment, so this type of claim may only be brought in a habeas corpus proceeding. *See Barker v. Wingo*, 407 U.S. 514, 522 (1972).

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

Further, the Court **ORDERS** as follows:

1. That Plaintiff's request for a "speedy jury trial" (Doc. 26) be DENIED; and

2. That Plaintiff's request for copies of documents he has sent to the Court in this action (Doc. 26) be GRANTED in part and DENIED in part.  The Clerk of the Court shall send Plaintiff a copy of his complaint (Doc. 1), the Findings and Recommendations to Dismiss Claims and Defendant (Doc. 18), Order Adopting Findings and Recommendations (Doc. 20), and the Discovery and Scheduling Order (Doc. 35).

IT IS SO ORDERED.

Dated:   **March 23, 2022**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE