1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    CORNELL DAVIS,                          Case No. 1:20-cv-00640-DAD-BAK (EPG) (PC)

12                    Plaintiff,              **ORDER REGARDING PLAINTIFF'S
                                              FILING DATED AUGUST 29, 2022**
13            v.
                                              (Doc. No. 43)
14    A. AGUNDEZ, et al.,

15                    Defendants.

16

17           Plaintiff Cornell Davis is proceeding *pro se* in this civil rights action pursuant to 42

18    U.S.C. § 1983. This action proceeds against Defendants Agundez and Urrutia for a claim of

19    excessive force in violation of the Eighth Amendment and against Defendant Dominguez for a

20    claim of retaliation in violation of the First Amendment. (Doc. No. 16.) The remaining claims

21    presented in Plaintiff's complaint were not cognizable. (*Id*.) Thereafter, those remaining claims

22    and Defendant Chavez were dismissed from the action. (Doc. Nos. 18 & 20.)

23    **I.       INTRODUCTION**

24           Plaintiff filed an untitled document on August 29, 2022. (Doc. No. 43.) He states he is

25    responding to "Document:41," indicating there "was no document attached" and that he has not

26    been "receiving any of" his "legal mail or documents." (*Id*.) Plaintiff contends Defendant Urrutia

27    "has continually harassed" and "mocked" him by disposing of his property, breaking his

28    television, and making him "walk around naked." (*Id*.) Plaintiff states: "check his body cam on

8/6/22" and "8/8/22." (*Id*.) Plaintiff has "a huge issue with CDC letting there [sic] employees unlawfully break the law and [illegible] working." (*Id*.) Next, Plaintiff states he agrees to setting a "conference in September" after consulting with defense counsel. (*Id*.) Finally, Plaintiff states he does not want to "keep suffering due to this harassment." (*Id*.)

## II.    DISCUSSION

Here, the Court briefly responds to Plaintiff's concerns and statements.

First, concerning docket entry number 41, the entry is a minute order, or text only order. The minute order reads in its entirety: "MINUTE ORDER signed by Magistrate Judge Erica P. Grosjean on 8/12/20222: The Court HEREBY ORDERS the parties to participate in a settlement conference. Accordingly, the parties shall meet and confer and provide potential dates for setting a settlement conference, to be held in September or October 2022, to Courtroom Deputy Michelle Means-Rooney (mrooney@caed.uscourts.gov) within 14 days of the date of this order. (Text Only Entry) (Rooney, M) (Entered: 8/12/2022)." No attachment was included nor is any part missing or absent. Therefore, Plaintiff in in receipt of all of docket entry number 41.

Second, to the extent Plaintiff can be understood to assert new claims or facts—referencing continued harassment by Defendant Urrutia and unlawful actions by "CDC"—Plaintiff is advised the time for adding claims or amending his complaint has passed. (*See* Doc. No. 35 at 1, 3 [deadline to amend pleadings: 2/26/22]].) Defendants have answered Plaintiff's complaint and the Court will not grant Plaintiff leave to amend his complaint at this late stage of the proceedings. *See* Fed. R. Civ. P. 15(a)(2).

Third, concerning Plaintiff's references to "body cam" footage from August 6 and August 8, 2022, Plaintiff is advised discovery has now closed. (*See* Doc. No. 35 at 1, 3 [completion of all discovery by 3/28/22]].) Additionally, as noted in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, the Court does not itself conduct discovery; discovery is conducted by the parties themselves. (*See* Doc. No. 3 at 4-5.) To the extent Plaintiff is asking the Court to obtain "body cam" footage, the request is both untimely and improper. Nor is video footage from body cameras in August 2022 related to the cognizable claims presented in Plaintiff's complaint. Such information appears relevant only to potential new claims or new facts.

1        Finally, Plaintiff is advised defense counsel has contacted the Court as ordered and is

2   working with the undersigned's courtroom deputy to schedule a settlement conference. Once a

3   date and time have been confirmed, a separate order will issue to the parties with all necessary

4   information and related deadlines. Given the abbreviated time frames involved, the Court will

5   direct that service of the separate order also be made via the litigation coordinator at Plaintiff's

6   institution[1] to allow for prompt delivery of and receipt of same by Plaintiff.

7        **III.**    **CONCLUSION AND ORDER**

8        The information provided above responds to the concerns raised and statements made in

9   Plaintiff's August 29, 2022, filing. A separate order will issue concerning the settlement

10  conference to be set and related procedures. No additional orders concerning further discovery, or

11  the amendment of pleadings, will follow from Plaintiff's August 29, 2022, filing.

12

13  IT IS SO ORDERED.

14     Dated:  **August 31, 2022**          /s/ *Erica P. Grosjean*

15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28  [1] The Court acknowledges Plaintiff's recent change of address from North Kern State Prison to California State Prison, Corcoran.