UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL DAVIS,<br><br>             Plaintiff,<br><br>      v.<br><br>A. AGUNDEZ, et al.,<br><br>             Defendants. | Case No. 1:20-cv-00640-ADA-CBD (PC)<br><br>ORDER DENYING PLAINTIFF'S DISPOSITIVE MOTION<br><br>(ECF No. 49) |

Plaintiff Cornell Davis ("Plaintiff") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On October 29, 2021, the Court issued a discovery and scheduling order. (ECF No. 35.) On August 12, 2022, the Court issued a minute order, directing the parties to participate in a settlement conference to be held in September or October of 2022. (ECF No. 41.) On September 1, 2022, Magistrate Judge Helena Barch-Kuchta scheduled a settlement conference for October 28, 2022. (ECF No. 46.)

On October 3, 2022, Plaintiff filed a document titled "Dispositive motion For The said Plaintiff Cornell DAVIS be found in his favor." (ECF No. 49.) Plaintiff provides a list of "submitted Facts" concerning his claims and contends he submitted a "dispositive motion . . . months ago" that was returned to him "with a RTS stamp on it." (*Id*. at 1-3.) He contends that

"the police are foul and in cohoose [sic]," his "legal mail was being improperly disposed of," and that he "sent this [motion] out in May." (*Id.* at 3.) Plaintiff demands judgment be entered in his favor and seeks money damages. (*Id.* at 1-2.) The Court construes Plaintiff's motion as a motion for summary judgment.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides that deadlines established in a scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard is satisfied when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

According to Local Rule 260(a), each motion for summary judgment "shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite to particular portions of any pleading . . . or other document relied upon to establish that fact." Local Rule 260(a). *Pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

## III.   DISCUSSION

The Court finds that Plaintiff's motion is untimely and that Plaintiff does not establish good cause to amend the deadline to file dispositive motions. No party filed a dispositive motion in this action on or before May 31, 2022.[1] Plaintiff filed his "dispositive motion" more than four months after the deadline to file dispositive motions.[2] Thus, Plaintiff's motion is untimely. (ECF

---

[1] Nor did any party seek an extension of any deadline. The Discovery and Scheduling Order expressly provides as follows: "A request for an extension of any deadline set in this order must be filed at least two weeks before it expires. **The deadlines set forth above are firm and will only be extended upon a showing of good cause**." (ECF No. 35 at 3, emphasis in original.)

[2] The Court notes page 2 of Plaintiff's motion originally included a date above his signature; however, the date has

2

No. 35.)

    To the extent Plaintiff attempts to excuse his late filing and establish good cause, the Court is not persuaded.  Plaintiff asserts that he sent the instant motion in May 2022 and that it was returned marked "RTS," arguing that prison officials interfered with his mail.  (ECF No. 49 at 3.)  Plaintiff has failed to provide a copy of the envelope allegedly marked Return to Sender or any other evidence supporting his assertions.  In his motion, Plaintiff only offers an unsupported, conclusory statement.  Therefore, the Court finds that Plaintiff lacks good cause to warrant an amendment to the scheduling order.

    Furthermore, the Court finds that Plaintiff's motion fails to comply with the procedural requirements of Local Rule 260(a).  Plaintiff's motion does not include a statement of undisputed facts supported by citations to any pleading or other document relied upon to establish a fact.  Plaintiff did not include any evidentiary documents in support of his motion.  As a result, the Court also denies the motion for summary judgment due to incompliance with the Local Rules.

### IV.   CONCLUSION

Accordingly,

1. Plaintiff's motion filed October 3, 2022, (ECF No. 49), is DENIED.

IT IS SO ORDERED.

Dated:   October 12, 2022

UNITED STATES DISTRICT JUDGE

---

been crossed out or obscured.