UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. AGUNDEZ, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00640-ADA-CBD (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION OR REQUEST TO REVOKE STIPULATION FOR VOLUNTARY DISMISSAL**<br><br>(Doc. 58) |

Cornell Davis is proceeding *pro se* in this closed civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

A settlement conference was held before Magistrate Judge Helena Barch-Kuchta on October 28, 2022. (Doc. 54 [minutes].) As a result, the case settled, and dispositional documents were to be filed within thirty days. (*Id*.)

On December 1, 2022, this Court issued an Order to Show Cause Why Sanctions Should Not Be Imposed for The Parties' Failure to File Dispositional Documents. (Doc. 55.)

The following day, a Stipulation for Voluntary Dismissal with Prejudice, fully executed by all parties, was filed with the Court. (Doc. 56.)

An Order Regarding Stipulation for Voluntary Dismissal with Prejudice issued December 5, 2022, and the case was closed. (Doc. 57.)

On March 3, 2023, Plaintiff filed a document titled "Revoke the Stipulation For Voluntary Dissmissal with Prejudicese for Non Compliance from CDCR Employee Correctional Councilor." (Doc. 58.)

On March 14, 2023, the Court issued its Order Requiring Defendants' Response to Plaintiff's March 3, 2023 Filing. (Doc. 59.) Specifically, Defendants were to conduct a reasonable investigation concerning the issue raised in Plaintiff's March 3, 2023 filing and to file a status report within 14 days. (*Id*.)

On March 24, 2023, Defendants filed the Declaration of David E. Kuchinsky in Response to Plaintiff's March 3, 2023 Filing. (Doc. 60.)

## II.     DISCUSSION

### *The Parties' Positions*

In his March 3, 2023 filing, Plaintiff contends a correctional counselor at Corcoran State Prison is refusing to "send the proper information needed for the payee Data Form," the apparent result of which is Plaintiff being unable to receive the settlement funds. (Doc. 58.) Plaintiff contends he has been asking the counselor to send the form with "the correct Social Security Number" to "R. Williams" since October 29, 2022, and his multiple requests have been denied. (*Id*.) Plaintiff contends the counselor refuses his requests, telling Plaintiff "that's between you and your attorney," despite the fact Plaintiff is not represented by counsel in this action. (*Id*.)

In his declaration executed March 21, 2023, defense counsel David E. Kuchinsky declares he requested an update from the California Department of Corrections and Rehabilitation (CDCR) on March 10, 2023 regarding the status of the disbursement of the settlement proceeds. (Doc. 60, ¶ 3.) On March 15, 2023, counsel was advised by CDCR that the "settlement funds had been paid by warrant on February 15, 2023, for the full amount of the settlement." (*Id*., ¶ 4.) Counsel declares no further action is needed in this case, nor is there reason to revoke the settlement agreement because the settlement funds have been paid to Plaintiff "pursuant to the settlement agreement in this case." (*Id*., ¶ 5.)

Despite the passing of more than 14 days, Plaintiff has not filed a reply to Defendants' March 21, 2023 filing.

2

*Analysis*

Here, the parties filed a Stipulation for Voluntary Dismissal with Prejudice on December 2, 2022. (Doc. 56.) Pursuant to that stipulation, the Court issued its order terminating the action by operation of law[1] on December 5, 2022. (Doc. 57.) The case was closed that same date. Now nearly three months later, Plaintiff asks the Court to "revoke" the Stipulation for Voluntary Dismissal, impliedly asserting settlement proceeds have not been paid due to the interference of a third party. However, defense counsel filed a declaration, under penalty of perjury, declaring the settlement funds were paid in full to Plaintiff on February 15, 2023. (Doc. 60, ¶ 4.) Simply put, there is no basis to "revoke" or otherwise disturb the Stipulation for Voluntary Dismissal or the Court's Order that followed. Plaintiff has received the agreed upon settlement funds and has not contended otherwise following defense counsel's declaration filed March 24, 2023.

Accordingly, this Court will recommend Plaintiff's motion or request to "revoke" the voluntary stipulation of dismissal be denied.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons given above, the Court finds there is no basis to "revoke" or otherwise disturb the Stipulation for Voluntary Dismissal with Prejudice filed with the Court on December 2, 2022. The settlement proceeds have been disbursed and paid to Plaintiff as agreed. Accordingly, the undersigned **RECOMMENDS** Plaintiff's motion or request filed March 3, 2023 (Doc. 58) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

//

//

---

[1] Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides for voluntary dismissal of an action by "stipulation of dismissal signed by all parties who have appeared."

3

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 18, 2023**                                    _____
                                                            UNITED STATES MAGISTRATE JUDGE